**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHARLOTTE REIDER**                                                **CIVIL ACTION**

**VERSUS**                                                                       **NO. 23-1547-BAJ-RLB**

**FOREMOST INSURANCE COMPANY**
**GRAND RAPIDS, MICHIGAN**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days from the date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 26, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHARLOTTE REIDER**                                                   **CIVIL ACTION**

**VERSUS**                                                                        **NO. 23-1547-BAJ-RLB**

**FOREMOST INSURANCE COMPANY**
**GRAND RAPIDS, MICHIGAN**

## REPORT

This Report and Recommendation is issued *sua sponte.* A Notice of Removal was filed on or about November 1, 2023 by Defendant Foremost Insurance Company Grand Rapids, Michigan ("Defendant"). (R. Doc. 1). On November 22, 2023, the Court entered an Order setting a scheduling conference for February 8, 2024 with a joint status report due by January 25, 2024. (R. Doc. 7). On February 2, 2024, the Court entered an Order resetting the scheduling conference for failure of plaintiff to file the joint status report as directed. (R. Doc. 10). On April 8, 2024, the Court entered an Order to show cause for failure of plaintiff to file a joint status report. (R. Doc. 12). On May 16, 2024, plaintiff filed a joint status report, and a Scheduling Order was issued. (R. Docs. 15, 18).

On May 18, 2024, counsel for plaintiff filed a Motion to Substitute as Counsel, which the Court granted, and attorney Dorothy L. Tarver was substituted as counsel in place of Mark Ladd. (R. Docs. 16, 17). On January 17, 2025, attorney Dorothy L. Tarver moved to withdraw and substitute Michal Harris as counsel for plaintiff, which the Court granted. (R. Docs. 23, 25). On May 22, 2025, attorney Michal Harris filed an Unopposed Motion to Withdraw as Attorney for plaintiff. (R. Doc. 27). Within the Unopposed Motion to Withdraw as Attorney, counsel indicated **plaintiff had refused to communicate with counsel**.

The Court set a motion hearing for June 10, 2025, and plaintiff was directed to personally appear for the hearing. (R. Doc. 29). At the motion hearing, counsel advised that he had made multiple attempts, using multiple methods, to contact plaintiff. The Court granted the motion to withdraw counsel and advised the parties that a show cause order would be issued to plaintiff for her failure to appear. (R. Doc. 31). On June 11, 2025, the Court entered an Order to show cause directing plaintiff to show cause why plaintiff's complaint should not be dismissed pursuant to Local Rule 41(b) for failure to prosecute and failure to comply with Court orders. A return on certified mail was filed into the record by the Clerk of Court on June 16, 2025, indicating plaintiff received a copy of the Order to show cause prior to the deadline for plaintiff to file a response.

A review of the record indicates no response to the Order to show cause has been filed and plaintiff has made no other attempts to comply with the Court's Orders. As a practical matter, the case cannot proceed if Plaintiff continues to disregard the Court's orders. Plaintiff's failure to prosecute effectively deprives the defendant of the opportunity to defend itself from the allegations made against them.

Although not directly applicable under the current circumstances, Local Rule 41(b)(2) provides that: "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action. If a timely response is filed, a District Judge or a Magistrate Judge may order additional time within which to take action, dismiss the civil action without prejudice, or issue any other appropriate order." The Court finds that Plaintiff should be afforded that same 14-day period to advise the Court if she intends to proceed with this case and explain

why this matter should not be dismissed due to repeated disregard for this Court's orders. The timeframe to submit objections to this Report and Recommendation will give that time.

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that Plaintiff's Complaint be dismissed without prejudice pursuant to Local Rule 41(b) for failure to comply with Court orders.

Signed in Baton Rouge, Louisiana, on August 26, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**